IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JOHNSON,

      Plaintiff,                                  No. 2:11-cv-00109 GEB KJN PS

    v.

KHS&S CONTRACTORS; MARK GILL;
DEREK STEVENS; and JIM FIENE,

      Defendants.                        ORDER
_____/

        Plaintiff, who is proceeding without counsel, filed his complaint on January 12, 2011.[1] (Dkt. No. 1.) Presently before the court is plaintiff's application to proceed in forma pauperis. (Dkt. No. 2.) For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2). Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint.

I.    <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1 §§ 1915(a)(1) and 1915(2).  Accordingly, the undersigned grants plaintiff's request to proceed in
2 forma pauperis.

3         The determination that a plaintiff may proceed in forma pauperis does not
4 complete the inquiry.  The court is also required to screen complaints brought by parties
5 proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d
6 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to
7 dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the
8 allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a
9 claim on which relief may be granted, or the action seeks monetary relief against an immune
10 defendant.

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on
14 an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled,
16 has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

17         In assessing whether a plaintiff's complaint fails to state a claim on which relief
18 can be granted, the court adheres to the "notice pleading" standards.  Under the notice pleading
19 standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a
20 "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ.
21 P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130
22 S. Ct. 1053 (2010).  A complaint should be dismissed for failure to state a claim if, taking all
23 well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to
24 relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th
25 Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial
26 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. <u>Corrie v. Caterpillar</u>, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." <u>Paulsen</u>, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See <u>Lopez</u>, 203 F.3d at 1130-31.

II.     <u>Screening of Plaintiff's Complaint</u>

In its entirety, plaintiff's complaint states:

> My civil rights were violated on 8-27-08 [*sic*]  I was harased [*sic*] with being called the N-word by superintendent Jim Feine in front of other superintendents.  No actions that I requested was [*sic*] met [*sic*] I am seeking two years salary or negotiable [sic] [.]

(Compl. at 2.) Although his allegations are sparse, plaintiff appears to be alleging a claim of racial harassment that created a hostile work environment against a supervisor, Jim Fiene, in violation of Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981. It is unclear from plaintiff's complaint whether he intends to proceed under Title VII, Section 1981, or both statutes. In any event, "[h]ostile work environment claims under Title VII contain the same elements of a § 1981 hostile work environment claim and, thus, the 'legal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action.'" <u>Johnson v. Riverside Healthcare Sys., LP</u>, 534 F.3d 1116, 1122 n.3 (9th Cir. 2008) (citing <u>Manatt v. Bank of Am.</u>, 339 F.3d 792, 797 (9th Cir. 2003)).

As an initial matter, plaintiff alleges no facts in his complaint that implicate the

3

following defendants: KHS&S Contractors, Mark Gill, and Derek Stevens.  Although it appears that plaintiff might be alleging that he was employed by KHS&S Contractors during the events in question, such an allegation is not expressly stated in, or clearly implied by, the complaint.  Moreover, no facts are alleged insofar as defendants Gill and Stevens are concerned.  Accordingly, plaintiff's complaint is dismissed as to these three defendants.  Such dismissal is without prejudice, and plaintiff may file an amended complaint that attempts to cure these pleading deficiencies.

Substantively, as to defendant Fiene, plaintiff has not alleged a legally cognizable hostile work environment claim or harassment claim.  To establish a prima facie case for a hostile-work environment claim as a result of racist comments, plaintiff must allege that: (1) defendants subjected him to verbal or physical conduct based on his race; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.  See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008); accord Manatt, 339 F.3d at 798.

Although plaintiff sufficiently alleges facts in support of the first and second elements of a hostile work environment claim, he has not pled facts that support the third element of such a claim.  "In considering whether the discriminatory conduct was 'severe or pervasive,' [the court looks] to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Johnson, 534 F.3d at 1122 (citations and quotation marks omitted).  The Ninth Circuit Court of Appeals has stated that neither Section 1981 nor Title VII is a "general civility code," and that "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"  Manatt, 339 F.3d at 798 (citing Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)).  Based on the facts pled in the complaint, plaintiff appears to be alleging that defendant Fiene called plaintiff "the N-word" once and that

4

other supervisors took no action. This allegation, alone and as pled, does not support a hostile work environment claim. See, e.g., id. at 799 (collecting cases and holding that "two regrettable incidents" of racially offensive comments or jokes occurring over a span of over two years, coupled with the other offhand remarks made by the plaintiff's co-workers and supervisor, did not alter the conditions of plaintiff's employment). Accordingly, plaintiff's hostile work environment claim is dismissed. However, plaintiff is granted leave to amend his complaint in the event that he can allege facts that might substantiate a Title VII or Section 1981 claim. In particular, plaintiff should consider whether he can add additional facts concerning other alleged racially offensive conduct against him or the context of the single racial slur allegedly used by defendant Fiene such that it reached a level of severity that would support a hostile work environment claim.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted 30 days from the date of this order to file an amended complaint that is consistent with this order and complete in itself. The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.[2] Additionally,

---

[2] Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply

5

1  plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended
2  complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be
3  complete in itself.  This is because, as a general rule, an amended complaint supersedes the
4  original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint
5  supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once
6  plaintiff files an amended complaint, the original no longer serves any function in the case.
7  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
8  alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.
9  1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik v.
10 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

11         IT IS SO ORDERED.

12 DATED:  March 4, 2011

13                                              _____
                                                KENDALL J. NEWMAN
14                                              UNITED STATES MAGISTRATE JUDGE

---

therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).