IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JOHNSON,

    Plaintiff,　　　　　　　　　　　　No. 2:11-cv-00109 GEB KJN PS

    v.

KHS&S CONTRACTOR; MARK GILL;
and DEREK STEVENS,[1]

    Defendants.　　　　　　　　　　　ORDER
_____/

        Plaintiff, who is proceeding without counsel, filed his complaint on January 12, 2011. (Dkt. No. 1.) On March 7, 2011, the undersigned granted plaintiff's application to proceed in forma pauperis and screened plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2). (Order, Mar. 7, 2011, Dkt. No. 3.) The undersigned dismissed plaintiff's four-line complaint without prejudice and granted plaintiff 30 days in which to file a first amended complaint. In that screening order, the undersigned provided plaintiff with a thorough explanation of the "notice pleading" standards that pertain to pleading a claim for relief consistent with the Federal Rules of Civil Procedure. The screening order also identified specific

---

[1] An additional individual, Jim Fiene, was named as a defendant in plaintiff's original complaint. Mr. Fiene was not named as a defendant in the caption of plaintiff's First Amended Complaint.

1

deficiencies in plaintiff's employment-related claims, to the extent that the undersigned could even discern what those claims were.

On March 28, 2011, plaintiff timely filed a First Amended Complaint. (Dkt. No. 4.) In this order, the undersigned screens the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's First Amended Complaint neither meets the general pleading standards set forth in the court's March 7, 2011 order, nor addresses the claim-specific deficiencies described in that order. Instead, plaintiff filed a form pleading that merely includes the instructions for filling out a complaint. In terms of allegations, plaintiff simply attached several pages of handwritten and typed text in no coherent order. The documents appear to consist of: (1) two copies of a letter from plaintiff to the Equal Employment Opportunity Commission ("EEOC"), dated September 21, 2008; (2) handwritten notes that appear to pertain to an employment incident investigation; and (3) a letter entitled "ISEC Occurrence Report," dated September 11, 2008.

Plaintiff's filing of documents in no particular order in no way complies with the pleading instructions provided by the undersigned in the March 7, 2011 screening order. Although plaintiff may attach exhibits to a complaint, the complaint must include factual allegations that meet the pleading requirements of the Federal Rules of Civil Procedure. Accordingly, the undersigned dismisses plaintiff's complaint without prejudice and provides plaintiff with another opportunity to file a complaint that conforms to the most basic pleading requirements. *Plaintiff is instructed to carefully review the court's March 7, 2011 screening order prior to drafting and filing a second amended complaint*.

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(ii). Plaintiff is granted 45 days from the date of this order to file a further amended complaint that is consistent with this order and the court's March 7, 2011

screening order. The further amended complaint must be complete in itself, bear the docket number assigned to this case, and be entitled "Second Amended Complaint." Plaintiff must file an original and two copies of the Second Amended Complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.[2] Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the

---

[2] Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

1  original complaint which are not alleged in the amended complaint," London v. Coopers &
2  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint
3  are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).
4       IT IS SO ORDERED.
5  DATED:  April 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE