IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JOHNSON,

    Plaintiff,                                  No. 2:11-cv-00109 GEB KJN PS

    v.

KHS&S CONTRACTOR; MARK GILL;
and DEREK STEVENS,[1]

    Defendants.                       ORDER TO SHOW CAUSE
_____/

        Plaintiff, who is proceeding without counsel, filed his complaint on January 12, 2011. (Dkt. No. 1.) On March 7, 2011, the undersigned granted plaintiff's application to proceed in forma pauperis and screened plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2). (Order, Mar. 7, 2011, Dkt. No. 3.) The undersigned dismissed plaintiff's complaint without prejudice and granted plaintiff 30 days to file a first amended complaint. (Id. at 5.)

        On March 28, 2011, plaintiff timely filed a First Amended Complaint. (Dkt. No. 4.) In an order signed on April 5, 2011, and entered April 6, 2011, the undersigned screened

---

[1] An additional individual, Jim Fiene, was named as a defendant in plaintiff's original complaint. Mr. Fiene was not named as a defendant in the caption of plaintiff's First Amended Complaint.

1

1  plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed plaintiff's
2  complaint without prejudice. (Order, Apr. 6, 2011, Dkt. No. 5.) The undersigned granted
3  plaintiff 45 days from the date of that order to file a second amended complaint. (Id. at 2-3.)
4  Although plaintiff was required to file a second amended complaint on or before May 20, 2011,
5  plaintiff failed to do so.
6         Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to
7  comply with these Rules or with any order of the Court may be grounds for imposition by the
8  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
9  Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

14  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
15  same rules of procedure that govern other litigants."). Case law is in accord that a district court
16  may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice
17  pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or
18  her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32,
19  44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to
20  prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.
21  2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil
22  Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil
23  procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)
24  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for
25  failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v.
26  Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that

district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, no later than June 10, 2011, why his lawsuit should not be dismissed for failure to prosecute and failure to follow the court's orders.

2. On or before June 10, 2011, plaintiff shall file a second amended complaint that addresses the issues raised in the court's screening orders entered on March 7, 2011, and April 6, 2011.

3. Plaintiff's failure to file the required writing or the second amended complaint shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 25, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE