1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES JOHNSON,

11              Plaintiff,                    No. 2:11-cv-00109 GEB KJN PS

12        v.

13   KHS&S CONTRACTOR; MARK GILL;
     and DEREK STEVENS,[1]
14
                Defendants.                  <u>FINDINGS AND RECOMMENDATIONS</u>
15   _____/

16        Through these proposed findings and recommendations, the undersigned

17   recommends that plaintiff's case be dismissed without prejudice and that this case be closed.

18   Although plaintiff was granted leave to amend his First Amended Complaint, plaintiff twice

19   failed to do so and also failed to respond to an order to show cause.

20   I.        <u>BACKGROUND</u>

21        Plaintiff, who is proceeding without counsel and in forma pauperis, filed his

22   complaint on January 12, 2011.  (Compl., Dkt. No. 1.)  On March 7, 2011, the undersigned

23   granted plaintiff's application to proceed in forma pauperis and screened plaintiff's complaint as

24   _____

25          [1]  An additional individual, Jim Fiene, was named as a defendant in plaintiff's original
     complaint.  Mr. Fiene was not named as a defendant in the caption of plaintiff's First Amended
26   Complaint.

1   required by 28 U.S.C. § 1915(e)(2).  (Order, Mar. 7, 2011, Dkt. No. 3.)  The undersigned

2   dismissed plaintiff's complaint without prejudice and granted plaintiff 30 days to file a first

3   amended complaint.  (Id. at 5.)

4              On March 28, 2011, plaintiff timely filed a First Amended Complaint.  (First Am.

5   Compl., Dkt. No. 4.)  In an order signed on April 5, 2011, and entered April 6, 2011, the

6   undersigned screened plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)

7   and dismissed plaintiff's First Amended Complaint without prejudice.  (Order, Apr. 6, 2011, Dkt.

8   No. 5.)  The undersigned granted plaintiff 45 days from the date of that order to file a second

9   amended complaint.  (Id. at 2-3.)  Although plaintiff was required to file a second amended

10  complaint on or before May 20, 2011, plaintiff failed to do so.

11             As a result of plaintiff's failure to file a second amended complaint, the

12  undersigned entered an order to show cause ("OSC"), which required plaintiff to: (1) "show

13  cause in writing, no later than June 10, 2011, why his lawsuit should not be dismissed for failure

14  to prosecute and failure to follow the court's orders"; and (2) "file a second amended complaint

15  that addresses the issues raised in the court's screening orders entered on March 7, 2011, and

16  April 6, 2011," no later than June 10, 2011.  (OSC at 3, May 26, 2011, Dkt. No. 6.)  In ordering

17  plaintiff to show cause, the undersigned warned plaintiff: "Plaintiff's failure to file the required

18  writing or the second amended complaint shall constitute an additional ground for, *and plaintiff's*

19  *consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's

20  case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil

21  Procedure 41(b)."  (Id.)  The OSC also provided:

22              Eastern District Local Rule 110 provides that "[f]ailure of counsel
            or of a party to comply with these Rules or with any order of the Court
23          may be grounds for imposition by the Court of any and all sanctions
            authorized by statute or Rule or within the inherent power of the Court."
24          Moreover, Eastern District Local Rule 183(a) provides, in part:

25              Any individual representing himself or herself without an
            attorney is bound by the Federal Rules of Civil or Criminal
26          Procedure, these Rules, and all other applicable law.  All

                                              2

obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

(Id. at 2-3.) The court's docket reveals that plaintiff failed to file a second amended complaint or a response to the OSC.

II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[2] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

_____

[2] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

3

or comply with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d

1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

may dismiss an action for failure to comply with any order of the court."), <u>cert. denied</u>, 506 U.S.

915 (1992); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district

court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first

amended petition), <u>cert. denied</u>, 538 U.S. 909 (2003).  This court's Local Rules are in accord.

<u>See</u> E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

any order of the Court may be grounds for imposition by the Court of any and all sanctions

authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local

Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

Procedure, the court's Local Rules, and other applicable law may support, among other things,

dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for

failure to prosecute, failure to comply with a court order, or failure to comply with a district

court's local rules.  <u>See, e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of
> cases on their merits; and (5) the availability of less drastic
> alternatives.

<u>Id.</u> at 1260-61; <u>accord</u> <u>Pagtalunan</u>, 291 F.3d at 642-43; <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th

Cir. 1995), <u>cert. denied</u>, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

"[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

way for a district judge to think about what to do."  <u>In re Phenylpropanolamine (PPA) Prods.</u>

<u>Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors

weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this

action.  Plaintiff's failure to file a second amended complaint and a response to the OSC despite

1  clear warnings of the consequences for such failures, strongly suggests that plaintiff has

2  abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal.

3  Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of

4  litigation always favors dismissal.").  Any further time spent by the court on this case, which

5  plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial

6  resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that

7  district courts have inherent power to manage their dockets without being subject to

8  noncompliant litigants).

9         In addition, the third factor, which considers prejudice to a defendant, should be

10  given some weight.  See Ferdik, 963 F.2d at 1262.  Although the court has not ordered that

11  plaintiff's operative complaint be served on defendants, defendants remain named in a lawsuit.  It

12  is difficult to quantify the prejudice suffered by defendants here; however, it is enough that

13  defendants have been named in a lawsuit that plaintiff has effectively abandoned.  At a

14  minimum, defendants have been prevented from attempting to resolve this case on the merits by

15  plaintiff's unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be

16  prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

17         The fifth factor, which considers the availability of less drastic measures, also

18  supports dismissal of this action.  As noted above, the court has actually pursued remedies that

19  are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

20  128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

21  actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

22  Malone v. Frank, 488 U.S. 819 (1988).  The court excused plaintiff's initial failure to file a

23  second amended complaint, provided plaintiff with additional time to file a second amended

24  complaint, and granted plaintiff an opportunity to explain his failure to file that amended

25  pleading.  Moreover, the court advised plaintiff that he was required to actively prosecute his

26  action and follow the court's orders.  It also warned plaintiff in clear terms that failure to file a

second amended complaint and a response to the OSC would result in a recommendation of dismissal.  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action. This finding is supported by the fact that plaintiff is proceeding in forma pauperis and thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's action be dismissed without prejudice.

2.      The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED:  June 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE